# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | 1:04-CR-167 |
| | § | |
| JAMES RAY BESSARD | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the United States District Court for the Eastern District of Texas, this criminal proceeding is before the undersigned United States magistrate judge.

On October 24, 2008, after having found James Ray Bessard "not guilty by reason of insanity" pursuant to Title 18, United States Code, Section 4242(b), District Judge Marcia A. Crone committed Mr. Bessard to the custody of the Attorney General pursuant to 18 U.S.C. § 4243. Judge Crone found Mr. Bessard presented a serious risk of bodily injury to another or serious damage to property of another due to a present disease or defect. In the event the State of Texas would not assume responsibility for Mr. Bessard's custody, care, and treatment, the Attorney General was ordered to hospitalize Mr. Bessard for treatment in a suitable facility until the state would assume such responsibility or Mr. Bessard's mental condition is such that his release, or his conditional release under a prescribed regimen of medical, psychiatric, or psychological care or treatment, would not create a substantial risk of bodily injury to another person or serious damage to property of another, whichever is earlier.

On or about September 30, 2014, Judge Crone received a report of Mr. Bessard's progress from Warden B.R. Jett, along with a certificate of conditional release for Mr. Bessard. Judge Crone

referred the issue to the undersigned for a report and recommendation regarding whether Mr. Bessard's conditional release is warranted at this time.

On November 10, 2014, the undersigned held a hearing on the Certificate of Conditional Release for James Ray Bessard, provided by the Bureau of Prisons (Docket Entry #54). The Government was represented by Assistant United States Attorney Matt Quinn. Mr. Bessard was represented by Gary Bonneaux.

Based on the report of the Bureau, the testimony of Dr. Andrew Simcox and social worker Willford at the November 10 hearing, and in accordance with 18 U.S.C. § 4243(f), the Court **finds** that Mr. Bessard's conditional release under a prescribed regimen of medical, psychiatric, and psychological care and treatment would no longer create a substantial risk of bodily injury to another person or serious damage to the property of another.

The Court further **finds** that such care and treatment has been prepared for him and certified to the Court by the director of the Federal Medical Center as appropriate, and will recommend that Mr. Bessard shall comply with the prescribed regimen of medical, psychiatric, and psychological care and treatment as set out below.

**IT IS THEREFORE RECOMMENDED** that pursuant to 18 U.S.C. § 4243(f)(2), Mr. Bessard be conditionally released under the following conditions:

1. Mr. Bessard will reside at the Jackson Family Care Home located at 221 E. Barbee St., Zebulon, NC when a bed is available. Mr. Bessard will not make any change in his residence without the advance approval of the mental health providers and the final approval of the Supervising U.S. Probation Officer.

2. Mr. Bessard will comply with all recommendations of treatment and will comply with all appointments with the Carter Clinic or at another mental health facility as approved by the U.S. Probation Officer. Mr. Bessard shall not change mental health providers without advance approval of the U.S. Probation Officer.

3.  Mr. Bessard is restricted from travel outside of the Eastern District of North Carolina except with the prior approval of the U.S. Probation Officer.

4.  Mr. Bessard shall comply with psychiatric treatment as directed by the treatment team and the U.S. Probation Office, to include oral and injectable psychotropic medications.

5.  While Mr. Bessard is in outpatient counseling, he may be admitted to an inpatient facility or placed in a crisis stabilization facility should his treating clinicians or U.S. Probation Officer deem it is necessary for his safety or the safety of the community.

6.  Mr. Bessard is to abstain from all use of alcohol and other drugs not prescribed by his treating physician. His treating physician shall notify the U.S. Probation Officer of any changes in the administration of anti-psychotic drugs.

7.  Mr. Bessard is to submit to urinalysis and other drug testing for the detection of use of controlled substances and to undergo regular urine and serum blood level screening if ordered by the treating physician and U.S. Probation Officer to ensure abstinence from substances and the maintenance of a therapeutic level of medication.

8.  Mr. Bessard shall participate in outpatient/inpatient substance abuse counseling as directed by the U.S. Probation Officer, if deemed necessary.

9.  Mr. Bessard shall not possess any firearms, destructive device, or other dangerous weapons and shall submit to a random search of his person, property, and residence.

10. Mr. Bessard shall not commit another federal, state, or local crime.

11. Mr. Bessard is to report any contact with any law enforcement officer to the U.S. Probation Office within 24 hours of the contact.

12. Mr. Bessard will be supervised by the U.S. Probation Office for a specified period imposed by the Court to ensure his compliance. Mr. Bessard will comply with the standard conditions of the U.S. Probation Office, Eastern District of North Carolina, including waiving his right to confidentiality regarding his mental health treatment in order to allow sharing of information with the Supervising Probation Officer who will assist in evaluating the ongoing appropriateness of community placement.

13. The medical provider may at any time recommend modification or elimination of the regimen of medical, psychiatric, or psychological care or treatment, upon certification to this Court that to do so would not create a substantial risk of bodily injury to another person or serious damage to the property of another. Any party requesting modification or termination of the Conditions of Release shall submit adequate documentation supporting the request through the Supervisory U.S. Probation Officer, to the Civil

Division of the U.S. Attorney's Office for the Eastern District of Texas, for a determination as to whether a motion for release should be filed.

14. Mr. Bessard's failure to adhere to any of these conditions will result in him being located, taken into custody, and subsequently reviewed by the federal court of jurisdiction for suitability for continued release to the community.

**IT IS SO RECOMMENDED**.

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the undersigned. All parties were informed of this right and have waived their right to file objections.

**SIGNED this 10th day of November, 2014.**

_____
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE